**ADANTE D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.P., a minor, by and through his guardian ad litem THIDA PERNIA, | Case No.: |
| Plaintiff, | <u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983) |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive. | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

//

//

//

## INTRODUCTION

1. At approximately 8 p.m. on July 8, 2023, Plaintiff, R.P., a minor who was 15 years old at the time of the incident, was on his way home from a birthday party in San Francisco. Plaintiff decided to stop by the famous and beloved "Dolores Hill Bomb", which he had heard so much about growing up in the Bay Area. Plaintiff had no way to know that this simple decision, one that involved no criminal activity and simply watching people skate, would lead to him being detained for seven (7) hours on a cold San Francisco street—where the temperatures were in the low 50 degrees and a serious wind chill factor—being denied the opportunity to use the bathroom, contact his parents, have water or food, or any shelter from the cold temperatures. The officers even removed R.P.'s beanie as he stood outside for hours.

2. When Plaintiff arrived at Dolores Park to view the event, he saw that it was already over. As he left to continue his journey home, he was instructed by San Francisco Police Department ("SFPD") officers to take a specific route to leave the area. Plaintiff did not realize that this was actually a trap set by the officers. As he attempted to comply with the officer's orders on how to leave the area, Plaintiff and everyone else on the street were subjected to the controversial police tactic of kettling—the mass, indiscriminate arrests of a large group, often without any individualized justification for the arrests.

3. Plaintiff was then forced to remain in the street, surrounded by police officers, until approximately 2 a.m. on July 9, 2023. During this seven-hour detention in the street, the yet-to-be-identified Defendant SFPD Officers applied excessively tight zip tie handcuffs on Plaintiff and ignored his pleas to loosen them. They also refused his requests to be permitted to contact his parents so that they would know where he was.

4. After more than seven (7) hours in custody, Plaintiff was released and all criminal charges against him were eventually dropped. However, this is far from an adequate response to such an obvious instance of police misconduct and false arrest.

## JURISDICTION

5. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

6. Plaintiff R.P. (hereinafter "R.P.") is a minor and brings this suit by and thru his guardian ad litem THIDA PERNIA. R.P. is the biological son of THIDA PERNIA.

7. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "'CCSF") is a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY AND COUNTY OF SAN FRANCISCO manages and operates the SAN FRANCISCO POLICE DEPARTMENT ("SFPD"). The CITY AND COUNTY OF SAN FRANCISCO maintains respondeat superior liability for the actions of its employees.

8. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1-50, inclusive, who are employees of the Defendant CCSF. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1-50, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful

misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1-50, inclusive, when they have been ascertained.

9. In doing the acts alleged herein, Defendants DOES 1-50, and each of them, acted within the course and scope of their employment for Defendant CCSF.

10. Due to the acts and/or omissions alleged herein, Defendants DOES 1-50, and each of them, acted under color of authority and/or under color of law.

11. In engaging in the conduct described herein, Defendant DOES 1-50, who are law enforcement officers, exceeded and/or failed to reasonably exercise the authority vested in them as law enforcement officers under the United States and California Constitutions, and as employees of Defendant CCSF and the San Francisco Police Department.

12. Due to the acts and/or omissions alleged herein, Defendants DOES 1-50, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. For state law causes of action related to federal claims, Plaintiff is required to comply with Administrative claim filing requirements under California law. Plaintiff filed a timely government claim with Defendant CCSF, which was rejected on November 29, 2023.

**FACTUAL ALLEGATIONS**

14. On or about July 8, 2023, beginning at or about 8 p.m. and continuing into the early morning hours of July 9, 2023, Plaintiff R.P., a minor who was 15 years old at the time of the incident, was on his way home from a birthday party when he stopped by Dolores Park in

San Francisco to view the annual 'Dolores Hill Bomb'. When Plaintiff stopped by, the event had already concluded.

15. Seeing that the event was over, Plaintiff then attempted to leave the event to continue his trip home. He was then directed by San Francisco Police Department ("SFPD") officers to take a specific route to leave the event, which he followed.

16. As Plaintiff took the route to leave the event as instructed, he was then turned around by other yet-to-be-identified SFPD officers—named in this lawsuit as Defendant DOES 1-50—who were engaged in a police practice known as kettling.[1] Kettling is the act of corralling and the mass indiscriminate arrest of everyone in a certain area. As Plaintiff walked on the street to leave the event, he and everyone else on the street were indiscriminately detained by a hoard of Defendant Doe Officers.

17. Plaintiff was detained outside on this street for upwards of seven (7) hours. He was denied the opportunity to speak with his parents while the Defendant Doe Officers refused to offer any particularized basis for detaining Plaintiff. Plaintiff was also denied the opportunity to drink water, use the bathroom, or even wear his beanie during this seven (7) hour unlawful detention. Temperatures that night were in the low 50s and with wind chill, the true temperature was likely closer to the low 40s. Hypothermia can occur at temperatures above 40 degrees.[2]

18. As part of the detention, Plaintiff was handcuffed for hours by Defendants DOES 1-50 using zip ties, which were placed on too tightly and resulted in significant pain and discomfort. Despite Plaintiff asking at least three (3) Defendant Doe Officer to loosen the restraints, none of Defendants DOES 1-50 ever loosened them.

---

[1] https://www.gq.com/story/what-is-kettling
[2] https://www.fs.usda.gov/visit/know-before-you-go/hypothermia

19. On information and belief, this mass, indiscriminate arrests of Plaintiff and hundreds of others was done at the direction and/or command of high-ranking decisionmakers within Defendant CCSF. These decisionmakers are identified as DOES 1-50 in this complaint and will be named once their identities are ascertained.

20. Plaintiff's life has been permanently impacted by this incident. He was forced to experience firsthand that he can be subjected to unlawful police action at any point, regardless of whether he has done anything wrong. The Defendants' actions have forced trauma upon an adolescent with a developing mind, who will forever be haunted by this memory in future interactions with police.

## DAMAGES

21. As a direct and proximate result of each of the Defendants' negligence and willful violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth Amendment and the United States Constitution, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security, dignity, and pride as a United States Citizen.

22. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Medical expenses;

    b. Pain and Suffering, including emotional distress;

    c. Violation of constitutional rights;

    d. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of

Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

23. The conduct of Defendants DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the right and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFF against Defendants DOES 1-50)*

24. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

25. Defendant DOES 1-50 placed excessively tight zip tie handcuffs on Plaintiff for hours on end and ignored Plaintiff's pleas to loosen them, despite the fact that Plaintiff had not committed any crime, did not resist officers, and was compliant.

26. As a result of this misconduct, Defendants DOES 1-50 are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment—False Detention/Arrest)**
*(Plaintiff against Defendants DOES 1-50)*

27. Plaintiff hereby re-alleges and incorporates each and every paragraph in the Complaint as fully set forth here.

28. Defendant DOES 1-50 detained Plaintiff without any basis to believe he was engaged in criminal activity as part of an unlawful indiscriminate mass arrest. Defendant DOES 1-50 had no reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.

29. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants DOES 1-50's detention and arrest of Plaintiff was an unlawful seizure that violated Plaintiff's constitutional rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## THIRD CAUSE OF ACTION
**(Supervisor Liability)**
*(Plaintiff against Defendants DOES 1-50)*

30. Plaintiff hereby re-alleges and incorporates each and every paragraph in the Complaint as fully set forth here.

31. Defendants DOES 1-50 include supervisors and/or high-ranking decisionmakers within Defendant CCSF, including but not limited to leaders of the SFPD.

32. On information and belief, these high-ranking decisionmakers instructed, commanded, or otherwise directed the Defendant Doe Officers to engage in a mass, indiscriminate arrest of attendees of the Dolores Park Hill Bomb.

33. As a direct result of the Defendant DOES 1-50's supervisory actions in enabling and supporting this mass violation of individual constitutional rights, Plaintiff was injured and his rights were violated.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")**
*(PLAINTIFF against Defendants CCSF and DOES 1-50)*

34. Plaintiff hereby re-alleges and incorporates each and every paragraph in the Complaint as fully set forth here.

35. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

36. By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from excessive and unreasonable force, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution.

    b. Plaintiff's right to be free from unlawful detention and arrest, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution.

37. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

38. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

39. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a) Indiscriminately arresting a minor and then refusing him the opportunity to speak with his parents for more than seven (7) hours;

    b) Using excessive force against Plaintiff, who was fully compliant with officers;

    c) Violating multiple rights of Plaintiff;

    d) Arresting Plaintiff for no reason;

    e) Using force to intimidate, silence and/or punish Plaintiff as retaliation for Plaintiff exercising his First Amendment Rights.

40. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

41. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants is entitled to relief as set forth above, including punitive damages against Defendants DOES 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Battery—Violation of CALIFORNIA PENAL CODE § 242)
*(PLAINTIFF against Defendants CCCSF and DOES 1-50)*

42. Plaintiff hereby re-alleges and incorporates each and every paragraph in the Complaint as fully set forth here.

43. Defendants DOES 1-50, while working for the SFPD, and acting within the course and scope of their duties, intentionally battered and/or injured Plaintiff by placing excessively tight zip tie handcuffs on him for hours on end and ignoring his pleas to loosen them.

44. As a result of Defendants' conduct, Plaintiff suffered injuries to his wrists. Defendants did not have legal justification for using force against Plaintiff. The use of force while carrying out their official duties was unreasonable and constituted battery.

45. Defendant City is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to California Government Code § 815.2.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Negligence)
*(Plaintiff against Defendants CCSF and DOES 1-50)*

46. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here, except any reference to intentional conduct.

47. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

48. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with reasonable care.

49. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a) to refrain from using excessive and/or unreasonable force against Plaintiff;
   b) to refrain from unlawfully detaining and/or arresting Plaintiff;
   c) to refrain from abusing their authority granted them by law;
   d) to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

50. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

COMPLAINT FOR DAMAGES
R.P. V. CCSF
- 11 -

51. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to California Government Code § 815.2.

52. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (False Imprisonment/False Arrest)
*(PLAINTIFF against Defendants CCSF and DOES 1-50)*

53. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

54. Defendants DOES 1-50 detained and injured Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for approximately seven (7) hours.

55. As a result of the Defendants and DOES 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injury.

56. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

57. Plaintiff hereby demands a jury trial in this action

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For the cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: January 26, 2024   POINTER & BUELNA, LLP
　　　　　　　　　　　　　　LAWYERS FOR THE PEOPLE

　　　　　　　　　　　　　　/s/ *Ty Clarke*
　　　　　　　　　　　　　　Ty Clarke
　　　　　　　　　　　　　　Patrick Buelna
　　　　　　　　　　　　　　Adanté D. Pointer
　　　　　　　　　　　　　　Attorney for PLAINTIFF