**ADANTE D.  POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.P.;<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ET AL.;<br><br>    Defendants. | Case No.: 3:21-cv-04097-SK<br><br>**PROPOSED JURY INSTRUCTIONS**<br><br>**HON. LISA J. CISNEROS**<br><br>Trial Date:   December 8, 2025 |

## INSTRUCTIONS REQUESTED

**1.     PRELIMINARY INSTRUCTIONS**

1.2     Duty of Jury (Court Reads Instructions at the Beginning of Trial and Provides Written Copies)

1.4     Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

1.5     Claims and Defenses: **Disputed**

1.6     Burden of Proof—Preponderance of the Evidence

1.8     Two or More Parties—Different Legal Rights

1.9     What is Evidence

1.10    What is Not Evidence

1.11    Evidence for Limited Purpose

1.12    Direct and Circumstantial Evidence

1.13    Ruling on Objections

1.14    Credibility of Witnesses

1.15    Conduct of the Jury

1.16    Publicity During Trial

1.17    No Transcript Available to Jury

1.18    Taking Notes

1.19    Questions to Witnesses by Jurors During Trial:  **Disputed**

1.20    Bench Conferences and Recesses

1.21    Outline of Trial


**2.     INSTRUCTIONS ON TYPES OF EVIDENCE**

2.1     Cautionary Instructions

2.3     Stipulations of Fact

2.4     Judicial Notice:  **Disputed**

2.5     Deposition in Lieu of Live Testimony: **Disputed**

2.10    Impeachment Evidence—Witness:  **Disputed**

2.12    Use of Interrogatories

2.14    [Expert] Opinion Testimony

2.15    Charts and Summaries Not Received in Evidence

2.16    Charts and Summaries Received in Evidence

2.17    Evidence in Electronic Format


**5.    DAMAGES**

5.1    Damages—Proof

5.2    Measures of Types of Damages

5.5    Punitive Damages


**9.    CIVIL RIGHTS ACTIONS—42 U.S.C. § 1983**

9.1    Section 1983 Claim—Introductory Instruction

9.2    Causation

9.3    Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

9.22    Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally: **Disputed**

9.25    Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest: **Disputed**

9.27    Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force: **Disputed**

9.41    Qualified Immunity: **Disputed**


**STATE LAW CLAIMS**

CACI 3066 (Bane Act – Essential Factual Elements): **Disputed**

CACI 1305 (Battery by Police Officer)

CACI 1320 (Intent)

CACI 400 (Negligence)

CACI 405 (Negligence – Comparative Fault)

CACI 401 (Negligence – Standard of Care)

CACI 402 (Negligence – Standard of Care for Minors)

**SPECIAL INSTRUCTIONS:  Disputed**

Defendants' Special Instruction No. 1: Plaintiff Must Prove Individual Conduct By Defendants

Defendants' Special Instruction No. 2: Integral Participant

Defendants' Special Instruction No. 3: Police Officers Are Not Required To Use The Least Intrusive Degree of Force Possible

Defendants' Special Instruction No. 4: Officer Not Liable For Use of Reasonable Force That Causes Injury

Defendants' Special Instruction No. 5: Officers May Reasonably Rely On Information From Other Law Enforcement Sources

Defendants' Special Instruction No. 6: Violation Of Department Policy Does Not Prove A Constitutional Violation

**The Parties object to the following preliminary instructions:**

1.3

1.7

2.2

2.6

2.7

2.8

2.9

2.11

2.13

**Stipulated Instruction No. 1.2 Duty of Jury**
**(Court Reads and Provides Written Set of Instructions)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority:       Ninth Circuit Model Jury Instruction No. 1.2

**Stipulated Instruction 1.4 Duty of Jury**

**(Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority:    Ninth Circuit Model Jury Instruction No. 1.4

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction No. 1.5 Claims and Defenses**
[modified]

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff asserts the following claims:

1.      Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong unlawfully detained Plaintiff Rocco Pernia in violation of his constitutional right to be free from detention that violated the Fourth Amendment.

2.      Defendants John Solomon used excessive force against Plaintiff Rocco Pernia in violation of his constitutional right to be free from force that violated the fourth Amendment.

3.      Defendants Harvey, Sullivan, and Wong either deliberately and/or with reckless disregard violated Plaintiff Rocco Pernia's constitutional rights to be free from unlawful detention which violated the Fourth Amendment and the Bane Act.

4.      Defendants Solomon either deliberately and/or with reckless disregard violated Plaintiff Rocco Pernia's constitutional rights to be free from excessive force which violated the Fourth Amendment.

5.      Defendant Harvey violated his requirements as a supervisor in overseeing the detention and arrest of Plaintiff Rocco Pernia.

6.      Defendant Solomon battered Plaintiff Rocco Pernia.

7.      Defendants were negligent.

8.      Defendants Harvey, Sullivan, and Wong falsely arrested Plaintiff Tracy Rocco Pernia.

The plaintiff has the burden of proving these claims.

Defendants deny these claims.

Authority: Ninth Circuit Model Jury Instructions 1.5

**DISPUTED INSTRUCTION**

**Defendants' Instruction No. 1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff Rocco Pernia is making two constitutional claims in this case:  First, that one or more defendants unlawfully arrested him during the Dolores Park Hill Bomb on July 8, 2023; and second, that one officer used excessive force against him by not removing his plastic handcuffs. Plaintiff Rocco Pernia also claims the defendant officers violated state law.  The plaintiff Rocco Pernia has the burden of proving these claims.

Defendants deny these claims.

Authority: Ninth Circuit Model Jury Instructions 1.5, modified.

**Stipulated Instruction 1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


Authority:     Ninth Circuit Model Jury Instruction No. 1.6

**Stipulated Instruction 1.8 Two or More Parties—Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.


Authority:    Ninth Circuit Model Jury Instruction No. 1.8

**Stipulated Instruction 1.9 What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

Authority:    Ninth Circuit Model Jury Instruction No. 1.9

**Stipulated Instruction 1.10 What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

 Authority:    Ninth Circuit Model Jury Instruction No. 1.10

**Stipulated Instruction 1.11 Evidence For Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Authority:    Ninth Circuit Model Jury Instruction No. 1.11

**Stipulated Instruction 1.12 Direct And Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:    Ninth Circuit Model Jury Instruction No. 1.12

**Stipulated Instruction 1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:    Ninth Circuit Model Jury Instruction No. 1.13

**Stipulated Instruction 1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:     Ninth Circuit Model Jury Instruction No. 1.14

**Stipulated Instruction 1.15 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses

or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

Authority:    Ninth Circuit Model Jury Instruction No. 1.15

**Stipulated Instruction 1.16 Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Stipulated Instruction 1.17 No Transcript Available To Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Authority:     Ninth Circuit Model Jury Instruction No. 1.17

**Stipulated Instruction No. 1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority:      Ninth Circuit Model Jury Instruction No. 1.18

**Stipulated Instruction No. 1.19 Questions to Witnesses by Jurors**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority:    Ninth Circuit Model Jury Instruction No. 1.19

**Stipulated Instruction 1.20 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:    Ninth Circuit Model Jury Instruction No. 1.20

**Stipulated Instruction 1.21 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:    Ninth Circuit Model Jury Instruction No. 1.21

**Stipulated Instruction 2.1 Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Authority:    Ninth Circuit Model Jury Instruction No. 2.1

**Stipulated Instruction 2.3 Stipulations of Fact**

The parties have agreed to certain facts:

1.  On July 8, 2023, Defendants Thomas Harvey, Matt Sullivan, John Solomon, and Nelson Wong were acting under the color of the law as law enforcement officers in the course of their employment for the San Francisco Police Department.

2.  In the early evening of July 8, 2023, Defendant Thomas Harvey declared the event an unlawful assembly and began issuing orders to disperse. Defendant Thomas Harvey issued the final amplified order to disperse at or about 8:07 PM.

3.  At or about 8:41 PM, Plaintiff Rocco Pernia was detained and arrested as part of the mass arrest ordered by Defendant Thomas Harvey. Plaintiff Rocco Pernia was in police custody for approximately seven hours, and then released to his parents.

4.  Criminal charges were not brought against Plaintiff Rocco Pernia.

You must therefore treat these facts as having been proved.

**DISPUTED INSTRUCTION**

**Defendants' Instruction 2.4 Judicial Notice**

The court has decided to accept as proved the fact that [*state fact*].You must accept this fact as true.

**Plaintiff's Objection:**

Plaintiff is aware of no facts or other matters in this case of which the Court should take judicial notice. If there are any matters subject to judicial notice Plaintiff agrees that this instruction should be used.

**DISPUTED INSTRUCTION**

**Defendants' Instruction 2.5 Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Plaintiff's Objection:**

Plaintiff is aware of no testimony that should be provided via deposition testimony rather than live testimony. If any such testimony arises Plaintiff agrees that this instruction should be used.

**DISPUTED INSTRUCTION**

**Defendants' Instruction 2.10 Impeachment Evidence—Witness**

The evidence that a witness [*e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.*] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Plaintiff's Objection:**

Plaintiff is unaware of any party or witness with criminal convictions that would be admissible under F.R.E. 609 (a-b).

**Stipulated Instruction 2.12 Use of Interrogatories**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:    Ninth Circuit Model Jury Instruction No. 2.12

**Stipulated Instruction 2.14 [Expert] Opinion Testimony**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] [other pronoun] opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Stipulated Instruction 2.15 Chart and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:    Ninth Circuit Model Jury Instruction No. 2.15

**Stipulated Instruction 2.16 Chart and Summaries Received in Evidence**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:     Ninth Circuit Model Jury Instruction No. 2.16

**Stipulated Instruction 2.17 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority:    Ninth Circuit Model Jury Instruction No. 2.17

**Stipulated Instruction No. 3.1 Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:    Ninth Circuit Model Jury Instruction No. 3.1

**Stipulated Instruction No. 3.3 Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:       Ninth Circuit Model Jury Instruction No. 3.3

**Stipulated Instruction No. 3.5 Return of Verdict**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom

Authority:    Ninth Circuit Model Jury Instruction No. 3.5

**Stipulated Instruction 9.1 Section 1983 Claim—Introductory Instruction**

Plaintiff Rocco Pernia brings claims against Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and John Solomon under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority:    Ninth Circuit Model Jury Instruction No. 9.1

**Stipulated Instruction 9.2 Causation**

[modified]

In a § 1983 action, plaintiffs must demonstrate that the defendant's conduct was the actionable cause of the claimed injury.  To establish causation, Plaintiff Rocco Pernia must prove that the injury would not have occurred "but for" the defendant's conduct, and the defendant's conduct was a substantial factor in causing him harm.  A substantial factor is one that a reasonable person would consider to have caused the harm. Although the conduct need not be the only cause of the harm, the conduct must be more than a trivial or remote fact.

Authority:      Ninth Circuit Model Jury Instruction No. 9.2; CACI 430; "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id*. A defendant's conduct is an "actual cause," or "cause-in-fact," of a plaintiff's injury only if the injury would not have occurred but for that conduct. *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 n.11 (9th Cir. 2023).

**DISPUTED INSTRUCTION**
**DEFENDANTS' SPECIAL INSTRUCTION NO. 1**
**PLAINTIFF MUST PROVE INDIVIDUAL CONDUCT BY DEFENDANTS**

Plaintiff has sued officers Thomas Harvey, Matt Sullivan, Nelson Wong, and John Solomon and has alleged that each individual defendant violated his constitutional rights.  You must evaluate the alleged liability of each defendant officer separately.  You are not permitted to hold Thomas Harvey, Matt Sullivan, Nelson Wong, or John Solomon liable simply because he was present at the scene of the alleged unlawful conduct.  Instead, you may hold Thomas Harvey, Matt Sullivan, Nelson Wong, and/or John Solomon liable only if you find that plaintiff has proven that the individual personally participated in the alleged conduct — in other words, that the individual officer's own conduct violated Plaintiff Rocco Pernia's rights.

Authority:     Ninth Circuit Model Civil Jury Instruction 9.2, Comment ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." (quoting *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)); *see also Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) ("[Plaintiff] must show that each defendant personally played a role in violating the Constitution. An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" (footnote omitted)).)  *See also, Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010) ("In order to individually liable under §1983, an individual must personally participate in an alleged rights deprivation"); *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) ("Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer.").

**Plaintiff's Objection:**

Defendant's jury instruction to re-emphasize that individualized finding against each Defendant is grossly unnecessary. Nearly every single liability-related jury instruction and question on the verdict form requires the jury to find an individual finding for each Defendant. To add yet another one is simply confusing and risks a jury speculating about the over-emphasis leading to legal error.

**Stipulated Instruction 9.3 Section 1983 Claim Against Defendant in Individual Capacity**

**—Elements and Burden of Proof**

To prevail on his § 1983 claim against Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and/or John Solomon, Plaintiff R.P. must prove each of the following elements by a preponderance of the evidence:

First, the Defendants acted under color of state law; and

Second, the acts of Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and/or John Solomon deprived the Plaintiff R.P. of particular rights under the United States Constitution as explained in later instructions; and

Third, the conduct of Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and/or John Solomon was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that the defendants acted under color of law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

<u>Plaintiff must prove all the elements as to each defendant individually</u>.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instructions 9.25 and 9.27, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority:    Ninth Circuit Model Civil Jury Instruction. No. 9.3, modified.

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction 9.22 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally**
[modified]

As previously explained, Plaintiff Rocco Pernia has the burden of proving that the act[s] of the Defendants deprived Plaintiff of particular rights under the United States Constitution. In this case, Plaintiff Rocco Pernia alleges Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong deprived him of his rights under the Fourth Amendment to the Constitution when Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong arrested Plaintiff, as part of the mass arrest, without probable cause that Plaintiff had committed a crime.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong deprived Plaintiff of this Fourth Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

First, Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong seized Plaintiff's person;

Second, in seizing Plaintiff's person, Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong acted intentionally; and

Third, the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force, or a show of authority. An arrest is a seizure.

Authority:     Ninth Circuit Model Jury Instruction No. 9.20; *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997); *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991); *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022).

**Defendants' Objection**

Lines 9-10: Defendants object to the phrase, "as part of the mass arrest, without probable cause that Plaintiff had committed a crime."  Defendants propose ending the sentence with "arrested Plaintiff" (or "arrested him").  It is unnecessary and potentially confusing or misleading to mention probable cause in this introductory instruction.  This instruction does not define or otherwise mention probable cause.  Probable cause is defined in a later instruction.

**DISPUTED INSTRUCTION**

**Defendants' Instruction 9.22 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally**

As previously explained, the plaintiff R.P has the burden of proving that the acts of the defendants deprived him of particular rights under the United States Constitution. In this case, the plaintiff R.P. alleges the defendants Thomas Harvey, Matt Sullivan, and Nelson Wong deprived him of his rights under the Fourth Amendment to the Constitution when Thomas Harvey, Matt Sullivan, and Nelson Wong arrested him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. To prove the defendants Thomas Harvey, Matt Sullivan, and Nelson Wong deprived the plaintiff R.P. of this Fourth Amendment right, the plaintiff R.P. must prove the following additional elements by a preponderance of the evidence:

First, Defendants Thomas Harvey, Matt Sullivan, or Nelson Wong seized the plaintiff R.P.'s person;

Second, in seizing the plaintiff R.P.'s person, Defendants Thomas Harvey, Matt Sullivan, or Nelson Wong acted intentionally; and

Third, the seizure was unreasonable.

Arrest is a "seizure" under the Fourth Amendment. The parties disagree about whether the arrest was unreasonable.


Authority:    Ninth Circuit Model Civil Jury Instruction 9.22, modified.

PROPOSED JURY INSTRUCTIONS
48

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction No. 9.25 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest**

[modified]

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime in the officers' presence. An arrest by police officers without probable cause violates the Fourth Amendment.

To prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time of the arrest, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

A seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing. However, an officer's lack of individualized suspicion does not, standing alone, make the seizure automatically unlawful. Under certain circumstances, the Fourth Amendment's reasonableness test could be satisfied without individualized suspicion. If a group or crowd is behaving as a unit and it is not possible for police to tell which individuals are engaged in criminal acts and which are not, police can have probable cause to arrest the entire group or crowd if, considering the totality of circumstances, a prudent person would have concluded that there was a fair probability that the entire group or crowd had committed a crime. If a person is simply present in the vicinity of potential criminal activity, without doing anything to indicate that he is engaging in criminal activity, the police do not have probable cause to arrest him.

Although the facts known at the time of Plaintiff's arrest by Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong, respectively, are relevant to your inquiry, Defendants' intent or motive is not relevant to your inquiry.

Under state law, it is a crime for two or more persons to assemble together to do an unlawful act, or do a lawful act in a violent manner or manner that poses an immediate threat of violence. When two or more people assemble to do a lawful act in a violent manner, the assembly is not

unlawful unless violence actually occurs or there is a clear and present danger that violence will occur immediately.

Under state law, it is a crime for any person to remain present at the place of any riot, rout, or unlawful assembly, after that person has been lawfully warned to disperse by a public officer.

Authority:    Ninth Circuit Model Jury Instruction No. 9.23; Cal. Penal Code § 836(a)(1); Cal. Penal Code § 407-08; CALCRIM 2685; *In re Brown*, 9 Cal.3d 612, 623 (1973); Cal. Penal Code § 409; CALCRIM 2686; *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000); *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992); *Chandler v. Miller*, 520 U.S. 305, 308 (1997); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1194-95; *Santopietro v. Howell*, 73 F.4th 1016, 1027 n.6 (9th Cir. 2023); *Carr v. District of Columbia*, 587 F.3d 401, 408 (D.C. Cir. 2009); *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006); *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011); *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1298 (9th Cir. 1988).

**Defendants' Objection to Plaintiff's 9.25 Particular Rights Instruction**

Paragraph 1, Lines 7-8: Defendants object to the proposed sentence, "An arrest by police officers without probable cause violates the Fourth Amendment." This sentence is not in the Ninth Circuit Model Instruction. It is redundant and unnecessary given the preceding and subsequent sentences regarding probable cause. Further, it improperly shifts the burden of proof to Defendants to prove probable cause, rather than on Plaintiff to prove an absence of probable cause. The next sentence, taken from the Model Instruction, correctly instructs the jury that Plaintiff must prove by a preponderance of evidence that he was arrested without probable cause. The Court should not give this instruction.

Paragraph 4, Lines 13-22: Defendants object to this paragraph. As an initial matter, the paragraph is wordy and confusing. For example, lines 13-16 are unnecessary and verbose. The Court should instruct the jury on the applicable probable cause standard, rather than what is "ordinary" versus permissible in "certain circumstances." Further, the paragraph provides an incorrect statement of the law. The following sentence is particularly problematic:

> If a group or crowd is behaving as a unit *and it is not possible for the police to tell which individuals are engaged in criminal acts and which are not*, police can have probable cause to arrest the entire group or crowd if, considering the totality of the circumstances, a prudent person would have concluded that there was a fair probability that the entire group or crowd had committed a crime.

(emphasis added). Plaintiff has conflated two possible scenarios for probable cause. Courts have held that police have probable cause to arrest a group where a reasonable officer would conclude the group is acting together and the group is committing a crime. *See e.g., Bernini v. City of St. Paul*, 665 F.3d 997, 1004 (8th Cir. 2012) ("It was reasonable, therefore, for an officer to believe that the group, as a whole, was committing one or more offenses under state law, including third degree riot and unlawful assembly."). Additionally, courts have held that police have probable cause to arrest a group where some individuals within the group are committing crimes and it is not possible for the police to determine which individuals are engaged in criminal acts and which are not. *Saccoccio v. City of Phoenix*, 2024 WL 5317421, at *11 (D. Ariz. Dec. 16, 2024) (concluding that "police officers can arrest a group or crowd of people based on reasonable suspicion that a crime has been or is being committed, even when that suspicion is not particularized to each individual"). However, courts have

PROPOSED JURY INSTRUCTIONS

not required, as Plaintiff proposes, that the police can have probable cause only where the group is committing crimes together AND police cannot distinguish which individuals are committing crimes and which are not.  Indeed, this notion is contradictory.  Plaintiff is adding an additional element, which the Court should reject.

Finally, the last sentence of this paragraph, on lines 2-220, is argumentative, confusing, and misleading.  For example, if the person is standing with others in a group, and the group has been ordered to disperse and is failing to disperse, officers would have probable cause to arrest the person pursuant to Penal Code section 409.  The Court should not instruct the jury on this paragraph.

Paragraph 5, Lines 25 – Line 2: Defendants object to this paragraph.  This paragraph fails to state plainly that it is a crime to participate in an unlawful assembly (PC section 408).  Defendants propose instructing the jury that it is a crime to participate in an unlawful assembly, and then define unlawful assembly by quoting Penal Code section 407, which states: "Whenever two or more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner, such assembly is an unlawful assembly."

Defendant also objects that Plaintiff's proposed instruction fails to include other state crimes that could form the basis for probable cause in this case, namely Penal Code sections 408 and 148 and Vehicle Code sections 21461.5, 21453, and 21950.

**Defendants' Instruction 9.25 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Probable Cause Arrest**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

To prove the seizure in this case was unreasonable, the plaintiff Rocco Pernia must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. Probable cause also exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is fair probability that a crime has been or is being committed by a group of people, and that the plaintiff was part of the group. For probable cause, officers may rely on information gained by other officers.

You must judge reasonableness from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry. Whether or not the plaintiff is subsequently charged or prosecuted is not relevant to your inquiry.

You may consider the following crimes:

Under state law, it is a crime to participate in an "unlawful assembly." (Cal. Penal Code §§ 407, 408). An "unlawful assembly" is "whenever two or more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner."

Under state law, it is a crime to remain present at the place of any riot or unlawful assembly, after a lawful warning to disperse. This is commonly referred to as "failing to disperse." (Cal. Penal Code § 409.)

Under state law, it is a crime to willfully resist, delay, or obstruct any police officer in the discharge of their duties. (Cal. Penal Code § 148.)

Under state law, it is unlawful for any pedestrian to fail to obey any traffic sign or signal or any local traffic ordinance. Under the California Vehicle Code, a pedestrian shall not suddenly leave

a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard.  A pedestrian shall not unnecessarily stop or delay traffic while in a marked or unmarked crosswalk.  A pedestrian shall not enter the roadway when there is a red light. (Cal. Veh. Code §§ 21461.5, 21453, 21950.)

Probable cause exists if an objectively reasonable police officer would conclude there was a fair probability the plaintiff Rocco Pernia committed or was committing any one of these crimes.

Authority:    Ninth Circuit Model Civil Jury Instruction 9.25, modified.  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1194 (9th Cir. 2015) ("[P]olice officers can have . . . probable cause to arrest, a group or crowd of people without individualized suspicion as to each person in the group."); *Saccoccio v. City of Phoenix*, 2024 WL 5317421, at *11 (D. Ariz. Dec. 16, 2024) (concluding based on *Lyall* that "police officers can arrest a group or crowd of people based on reasonable suspicion that a crime has been or is being committed, even when that suspicion is not particularized to each individual"); *Haber v. City of Portland*, 2020 WL 7129596, at *14 (D. Or. Dec. 4, 2020), *report and recommendation adopted*, 2021 WL 1341853 (D. Or. Apr. 9, 2021) (stating this rule from *Lyall* is "controlling" authority and granting summary judgment for defendants and dismissing case); *Haber*, 2020 WL 7129596, at *14 (recognizing that in circumstances such as unlawful assemblies and riots, requiring "individualized suspicion as to each person in the group … would impose 'an impossible burden' on police." (quoting *Bernini v. City of St. Paul*, 665 F.3d 997, 1003 (8th Cir. 2012)); *Carr v. D.C.*, 587 F.3d 401, 408 (D.C. Cir. 2009) (explaining that police officers can "form a reasonable belief that [an] entire crowd is acting as a unit and therefore all members of the crowd violated the law"); *Dixon v. City of Atlanta*, 2026 WL 295516 (N.D. Ga. Feb. 4, 2026) (holding that "it was objectively reasonable for [the officer] to believe that Plaintiffs were part of the group of protestors that were in the roadway and blocking traffic"); *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) ("For probable cause, officers may rely on information gained by other officers under the 'collective knowledge' doctrine."); *J.T. v. City & Cnty. of San Francisco*, No. 23-CV-06524-LJC, 2024 WL 3012791, at *7 (N.D. Cal. June 13, 2024) ("If a factual record were to show that police

reasonably believed that the crowd in which Plaintiffs found themselves, acting as a unit, had broken some law, then Defendants might have had probable cause to arrest the group."); Cal. Penal Code §§ 407, 408, 409, 148; Cal. Veh. Code §§ 21461.5, 21453, 21950.

**DISPUTED INSTRUCTION**
**DEFENDANTS' SPECIAL INSTRUCTION NO. 2**
**INTEGRAL PARTICIPANT**

Plaintiff Rocco Pernia claims that Defendant Nelson Wong and Matt Sullivan were "integral participants" in the false arrest of Plaintiff.  To prove Defendant Nelson Wong and/or Matt Sullivan was an "integral participant," Plaintiff R.P. must prove by a preponderance of the evidence that:

(1) Defendant Nelson Wong or Matt Sullivan knew about and consented to arresting Plaintiff Rocco Pernia without probable cause in violation of the Fourth Amendment as part of a common plan with Thomas Harvey; or

(2) Defendant Nelson Wong or Matt Sullivan set in motion a series of acts by others that Defendant Nelson Wong or Matt Sullivan knew or reasonably should have known would cause others to arrest Plaintiff Rocco Pernia without probable cause in violation of the Fourth Amendment.


Authority:      Ninth Circuit Model Civil Jury Instruction 9.2, Comment ("Integral Participant Doctrine").  *See Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022) (Under Ninth Circuit cases, an official whose individual actions do not rise to the level of a constitutional violation "may be held liable under section 1983 only if the official is an 'integral participant' in the unlawful act. (quoting *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020)); *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022) ("An official may be deemed an "integral participant" in a constitutional violation, "only if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury.").

**Plaintiff's Objection:**

Defendant's jury instruction to re-emphasize that individualized finding against each Defendant is grossly unnecessary. Nearly every single liability-related jury instruction and question on the verdict form requires the jury to find an individual finding for each Defendant. To add yet another one is simply confusing and risks a jury speculating about the over-emphasis leading to legal error.

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction No. 9.27 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force**

[modified]

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendant Solomon used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

<u>Officers may not ignore an arrestee's complaint that his handcuffs are applied too tightly.</u>

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

(1)     the nature of the crime or other circumstances known to Defendant Solomon at the time force was applied;

(2)     whether the plaintiff posed an immediate threat to the safety of the officers or to others;

(3)     whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)     the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

(6)     the extent of the plaintiff's injury;

(7)     any effort made by the officers to temper or to limit the amount of force;

(8)     the severity of the security problem at issue;

(9)     the availability of alternative methods to take the plaintiff into custody;

(10)    whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm;

(11)    whether a reasonable officer would have or should have accurately perceived that Plaintiff Rocco Pernia's handcuffs were applied too tightly; and

(12)    whether Defendant Solomon ignored Plaintiff's complaints that his handcuffs were applied too tightly.

Authority:    Ninth Circuit Model Jury Instruction No. 9.25; *LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir. 2000); *Palmer v. Sanderson*, 9 F.3d 1433 (9th Cir. 1993).

**Defendants' Objection**

Line 13:  Defendants object to the following sentence: "Officers may not ignore an arrestee's complaint that his handcuffs are applied too tightly."  This phrasing shifts the burden to Defendants to prove they did not ignore plaintiff's complaint, rather than properly placing the burden on Plaintiff to prove that Defendants used excessive force.  It also omits the requirement that plaintiff prove the handcuffing caused him more than nominal injuries.  Defendants propose the following: "The use of handcuffs is objectively reasonable and does not violate the Fourth Amendment, unless the plaintiff Rocco Pernia can demonstrate that he suffered more than nominal injuries from the handcuffs or that the defendant ignored his complaints of pain.

Item (11), Line 3-4:  Defendants object to factor number 11: "whether a reasonable officer would have or should have accurately perceived that Plaintiff Rocco Pernia's handcuffs were applied too tightly."  This sentence is misleading and lacks foundation.  It implies that the handcuffs were too tight, and asks whether or not a reasonable officer should have perceived the handcuffs were too tight.  This is the wrong inquiry.  The relevant question is whether the Plaintiff complained of pain and whether the Defendant ignored his complaint.  Or, phrased differently, how a reasonable officer in Defendant Solomon's position should respond to a complaint of pain.  The Court should eliminate this factor.

Item (12), Lines 5-6:  Defendants object to factor number 12:  "whether Defendant Solomon ignored Plaintiff's complaints that his handcuffs were applied too tightly."  Again, this factor assumes facts; it implies that Plaintiff's handcuffs were too tight and that he complained.  The jury must be allowed to determine these facts.  Defendants propose: "whether the Plaintiff Rocco Pernia complained of pain to Defendant John Solomon, and Defendant John Solomon's response."

**Defendants' Instruction 9.27 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others.  Therefore, to establish an unreasonable seizure in this case, the plaintiff Rocco Pernia must prove by a preponderance of the evidence that the defendant John Solomon used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

The use of handcuffs is objectively reasonable and does not violate the Fourth Amendment, unless the plaintiff Rocco Pernia can demonstrate that he suffered more than nominal injuries from the handcuffs or that the defendant ignored his complaints of pain.

In determining whether defendant John Solomon used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)    the nature of the crime or other circumstances known to the officers at the time force was applied;

(2)    whether the plaintiff Rocco Pernia posed an immediate threat to the safety of the officers or to others;

(3)    whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)    the amount of time the officer[s] had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of the plaintiff Rocco Pernia's injury, and whether he sought any medical care;

(7)    any effort made by the officers to temper or to limit the amount of force;

(8)    whether the Plaintiff Rocco Pernia complained of pain to Defendant John Solomon, and Defendant John Solomon's response;

(9)    the severity of the security problem at issue;

(10)    the availability of alternative methods to take the plaintiff into custody;

(11)    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(12)    whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

Authority:    Ninth Circuit Model Civil Jury Instruction 9.27, modified.  *See Pernell v. City of Los Angeles*, 650 F. Supp. 3d 910, 927 (C.D. Cal. 2022) ("[T]he mere use of handcuffs, without more, does not violate the Fourth Amendment."); *Reyes Sierra v. Reyes,* 832 F.2d 1263, 490-491 (5th Cir. 1987); *Echevarria v. City of Santa Monica*, 2022 WL 2903123, at *9 (C.D. Cal. May 26, 2022) (granting summary judgment on use of force claim based on tight flex-cuffs where Plaintiff presented no evidence of injury or that requests to loosen ignored); *Hupp v. City of Walnut Creek*, 389 F. Supp. 2d 1229, 1232 (N.D. Cal. 2005) ("In cases where the Ninth Circuit has held that excessively tight handcuffing can constitute a Fourth Amendment violation, plaintiffs either were demonstrably injured by the handcuffs or their complaints about the handcuffs being too tight were ignored by the officers."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (To show an injury is more than nominal, the Plaintiff must prove he sought medical care for his injuries.); *Hampton v. Nevada*, 2024 WL 2874149, at *2 (9th Cir. June 7, 2024) (unpublished) ("A district court properly grants a summary judgment motion on an excessive-force claim when a plaintiff fails to offer 'medical records to support [his] claim that [he] suffered injury as a result of being handcuffed.'"); *White v. Gastelo*, 2025 WL 2087580, at *11 (C.D. Cal. July 11, 2025), *report and recommendation adopted*, 2025 WL 2410766 (C.D. Cal. Aug. 18, 2025) (citation omitted) ("[C]ourts that have considered excessive force claims related to overly tight handcuffing have found that

'complaints of bruising, swelling, scrapes, and pain, without evidence of more serious injury, indicate de minimus injury at best.'"); *Reyes*, 832 F. App'x at 491 (finding bruising and soreness from handcuffs a de minimus injury).

**DISPUTED INSTRUCTION**
**DEFENDANTS' SPECIAL INSTRUCTION NO. 3**
**POLICE OFFICERS ARE NOT REQUIRED TO USE THE LEAST INTRUSIVE DEGREE OF FORCE POSSIBLE**

Police officers are not required to use the least amount of force possible.  Whether the officers hypothetically could have used less painful, less injurious, or more effective force is not the issue. Rather, the question is whether the force they did use was reasonable, viewing the facts from the perspective of a reasonable officer under the circumstances presented.

Authority:  *Luchtel v. Hagemann,* 623 F.3d 975, 982 (9th Cir. 2010); *Forrester v. City of San Diego*, 25 F.3d 804, 806-07 (9th Cir. 1994) ("police officers, however, are not required to use the least intrusive degree of force possible. Rather, as stated above, the inquiry is whether the force that was used to effect a particular seizure was reasonable, viewing the facts from the perspective of a reasonable officer on the scene (citing *Graham*, 490 U.S. at 396). Whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue."); *Scott v Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) ("Officers thus need not avail themselves of the least intrusive means of responding to an exigent situation they need only act within the range of conduct we identify as reasonable.")

**Plaintiff's Objection:**

Defendant's jury instruction to emphasize that an officer need not use the least intrusive force necessary is confusing and can lead to error. First if this was a factor that should be consider the Ninth Circuit Model Jury Instruction 9.27 would have it included as a factor. Secondly, the instruction could be misleading and suggest to a jury that it is automatically law for an officer to use trivial or minimal force but even minimal force can be unlawful. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1094 (9th Cir. 2013) (holding that "the use of non-trivial force of *any kind* was unreasonable" against a suspect "engaged in no behavior that could have been perceived … as threatening or resisting"); *Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2013) ("Resistance, or the reasonable perception of resistance, does not entitle police officer to use *any* amount of force to restrain a suspect … [r]ather, police officers who confront actual (or perceived) resistance are only permitted to use an amount of force that is *reasonable* to overcome that resistance.") (emphasis in original);

**DISPUTED INSTRUCTION**

**DEFENDANTS' SPECIAL INSTRUCTION NO. 4**

**OFFICER NOT LIABLE FOR USE OF REASONABLE FORCE THAT CAUSES INJURY**

Use of reasonable and legitimate force can result in an injury, even a serious injury or death. However, an officer is only liable if he or she uses excessive force.  If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury or death results.

Authority:  *See Scott v. Harris*, 550 U.S. 372, 383, 127 S. Ct. 1769, 1778, 167 L. Ed. 2d 686 (2007) ("Whether or not Scott's actions constituted application of 'deadly force,' all that matters is whether Scott's actions were reasonable."); *Miller v. Clark County*, 340 F.3d 959 (9th Cir. 2003); *Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994).

**Plaintiff's Objection**

This instruction is not a model Ninth Circuit jury instruction. It is duplicative of Instruction 9.27 in parts and puts undue emphasis on elements already contemplated by the model jury instructions. It only serves to confuse the jury.

**DISPUTED INSTRUCTION**

**Defendants' Instruction 9.41 Qualified Immunity**

[Placeholder]


Authority: Ninth Circuit Model Civil Jury Instruction 9.41, and commentary.

**Plaintiff's Objection:**

Defendants have provided no instruction.

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction No. 1401 False Arrest Without Warrant by Peace Officer – Essential Factual Elements**

Plaintiff Rocco Pernia claims that he was wrongfully arrested by Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong. To establish this claim, Plaintiff Rocco Pernia must prove all of the following:

1. That Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong arrested Plaintiff Rocco Pernia without a warrant;

2. That Plaintiff Rocco Pernia was harmed; and

3. That Defendants Thomas Harvey's, Matt Sullivan's, and/or Nelson Wong's conduct was a substantial factor in causing Rocco Pernia's harm.

Authority:    Judicial Council of California Civil Jury Instructions (CACI) No. 1401.

**Defendants' Objection:**

Defendants object to giving a separate instruction on false arrest. The false arrest analysis is the same under the Fourth Amendment and state law. *See* Cal. Pen. Code § 847(b)(1) (no civil liability where peace officer had "reasonable cause to believe the arrest was lawful"); *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (whether an arrest is constitutionally valid depends on whether officers had probable cause); *Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1213 (9th Cir. 2011) (California law prohibits civil liability for false arrest where an arresting officer had reasonable cause to believe the arrest was lawful); *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011) (confinement "without lawful privilege" is an element of false imprisonment under California law, which is negated if officer has probable cause for arrest (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000)). Giving the jury a second instruction is redundant and potentially confusing and misleading. The only difference in the two claims is that the City and County of San Francisco is vicariously liable for false arrest by its employees under state law. Gov't Code § 815.2. But, Plaintiff does not need to prove an additional element.

To the extent that Plaintiff proposes separate questions on the verdict form for false arrest, having two questions could yield an inconsistent jury verdict. For example, there would be no basis for the jury to conclude that a defendant committed false arrest under the Fourth Amendment but not under state law.

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction No. 1402 False Arrest Without Warrant – Affirmative Defense – Peace Officer – Probable Cause to Arrest**

[modified]

Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong claim the arrest was not wrongful because they had the authority to arrest Plaintiff Rocco Pernia without a warrant.

If Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong prove that they observed Plaintiff commit a crime in their presence, then Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong had the authority to arrest Plaintiff Rocco Pernia without a warrant.

[or]

If Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong prove that Plaintiff was behaving as a unit with the group or crowd of suspected lawbreakers; and

it was not reasonably possible for Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong to determine which individuals within the group or crowd were engaged in criminal acts; and

a prudent person in Defendants Thomas Harvey's, Matt Sullivan's, and/or Nelson Wong's position would have concluded that there was a fair probability that the entire group or crowd had committed a crime, then Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong had the authority to arrest Plaintiff Rocco Pernia without a warrant.

Authority:     Judicial Council of California Civil Jury Instructions (CACI) No. 1402; Cal. Penal Code § 836(a)(1); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1194-95 (9th Cir. 2015); *Carr v. District of Columbia*, 587 F.3d 401, 408 (D.C. Cir. 2009); *Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006); *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000).

**Defendants' Objection:**

Defendants object to this instruction for the same reasons as Instruction 1401.  Providing a separate instruction on false arrest is duplicative, confusing, and potentially misleading, and could lead to an inconsistent verdict.

Further, Defendants object to the description of group probable cause for the same reasons as Instruction 9.25.  Plaintiff is conflating two possible scenarios for probable cause.  Courts have held that police have probable cause to arrest a group where a reasonable officer would conclude the group is acting together and the group is committing a crime.  *See e.g., Bernini v. City of St. Paul*, 665 F.3d 997, 1004 (8th Cir. 2012) ("It was reasonable, therefore, for an officer to believe that the group, as a whole, was committing one or more offenses under state law, including third degree riot and unlawful assembly.").  Additionally, courts have held that police have probable cause to arrest a group where some individuals within the group are committing crimes and it is not possible for the police to determine which individuals are engaged in criminal acts and which are not.  *Saccoccio v. City of Phoenix*, 2024 WL 5317421, at *11 (D. Ariz. Dec. 16, 2024) (concluding that "police officers can arrest a group or crowd of people based on reasonable suspicion that a crime has been or is being committed, even when that suspicion is not particularized to each individual").  However, courts have not required, as Plaintiff proposes, that the police can have probable cause only where the group is committing crimes together AND police cannot distinguish which individuals are committing crimes and which are not.  Indeed, this notion is contradictory.  Plaintiff is adding an additional element, which the Court should reject.

**DISPUTED INSTRUCTION**

**DEFENDANTS' SPECIAL INSTRUCTION NO. 5**
**OFFICERS MAY REASONABLY RELY ON INFORMATION FROM**
**OTHER LAW ENFORCEMENT SOURCES**

An officer may reasonably rely on facially valid directions and information communicated to him by another law enforcement source.

Authority:    *United States v. Hensley*, 469 U.S. 221, 231 (1985); *United States v. Robinson*, 536 F.2d 1298, 1299 (9th Cir. 1976); *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) ("For probable cause, officers may rely on information gained by other officers under the 'collective knowledge' doctrine.").

**Plaintiff's Objection:**

Defendant's suggestion that they can use the collective knowledge doctrine is inapplicable and misleading in this case. It also usurps the constitutional requirement that an officer has to have individualized, objective information for probable cause to make an arrest. *United States v. Short*, 570 F.2d 1051, 1053 (D.C. Cir. 1978) (probable cause requires "enough information to warrant a man [or woman] of reasonable caution in the belief that a crime has been committed and that *the person being arrested* has committed it." ) (emphasis added).

**DISPUTED INSTRUCTION**

**DEFENDANTS' SPECIAL INSTRUCTION NO. 6**
**VIOLATION OF DEPARTMENT POLICY DOES NOT PROVE**
**A CONSTITUTIONAL VIOLATION**

A defendant's violation of a policy of the San Francisco Police Department does not necessarily establish a constitutional violation.  Likewise, a defendant's actions consistent with a policy of the San Francisco Police Department does not necessarily establish that those actions are constitutional. The standard for determining whether a defendant violated the Constitution is explained in the prior instructions.

Authority:    *Davis v. Scherer*, 468 U.S. 183, 194 & n.12 (1984); *Case v. Kitsap County Sheriff's Department*, 249 F.3d 921, 929-30 (9th Cir. 2001) (collecting cases); *Devereaux v. Perez*, 218 F.3d 1045, 1056 (9th Cir. 2000), *on reh'g en banc sub nom. Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (recognizing that internal department manuals "do not constitute decisional law giving rise to a constitutional duty under § 1983").

**Plaintiff's Objection:**

Defendant's proposed jury instruction that whether Defendant violated or followed their departmental policies or training is not indicative of a constitutional violation is misleading and confusing. First, jurors are instructed to determine if the officer's force was reasonable or unreasonable based on the factors listed in 9.27 and what a "reasonable officer" would do which is defined – in part – by the officer's training and policies. T

This jury instruction confusingly instructs them to disregard if an officer was following his training and policies or which if any the jury should find important or least important leaving a jury to speculate. As such it will distract the jury from tasks of considering the proper factors to evaluate the officer's behavior enunciated in the model instruction 9.27.

**DISPUTED INSTRUCTION**

**Plaintiff's Instruction 3066 Bane Act – Essential Factual Elements (Civ. Code, § 52.1)**

[modified]

Plaintiff Rocco Pernia claims that Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiff Rocco Pernia must prove all of the following:

1. That Defendants Thomas Harvey, Matt Sullivan, and/or Nelson Wong unlawfully detained/arrest Plaintiff Rocco Pernia deliberately and/or with reckless disregard for Plaintiff in violation of  Rocco Pernia's constitutional right to be free from unlawful detention and arrest;

2. That Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong intended to deprive Plaintiff Rocco Pernia of his enjoyment of the interests protected by the right to be free from unlawful detention and arrest;

3. That Plaintiff Rocco Pernia was harmed; and

4. That Defendant Thomas Harvey's, Matt Sullivan's, and/or Nelson Wong's conduct was a substantial factor in causing Plaintiff Rocco Pernia's harm.


Authority: Judicial Council of California Civil Jury Instructions 3066; *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 799 (Ct. App. 2017), as modified (Nov. 17, 2017), review denied (Feb. 28, 2018); *Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1044 (9th Cir. 2018); *S.T. by & through Niblett v. City of Ceres*, No. 116CV01713LJOSAB, 2018 WL 4193192, at *14 (E.D. Cal. Aug. 31, 2018)

**Defendants' Objection**

Plaintiff's proposed instruction omits conspiracy.  Plaintiff's Bane Act claim alleges that the named Defendants acted "in concert/conspiracy" to violate his Fourth Amendment rights.  Conspiracy is the only theory under which Plaintiff pleads his Bane Act claim.  (SAC ¶ 47; Defendants' Motion for Summary Judgment pp. 34-35.)  Accordingly, Plaintiff must prove that Defendants conspired to violate his rights under the Bane Act.  Defendants' proposed instruction addresses conspiracy.

## DISPUTED INSTRUCTION

**Defendants' Instruction 3066. Bane Act (Civ. Code, § 52.1)—Essential Factual Elements**

Plaintiff Rocco Pernia claims that Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiff Rocco Pernia must prove all of the following:

1.  That Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong conspired to unlawfully arrest Plaintiff Rocco Pernia in violation of his constitutional right to be free from unlawful arrest;

2.  That Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong did unlawfully arrest Plaintiff Rocco Pernia deliberately and/or with reckless disregard for Plaintiff in violation of Rocco Pernia's constitutional right to be free from unlawful arrest;

3.  That Defendants Thomas Harvey, Matt Sullivan, and Nelson Wong intended to deprive Plaintiff Rocco Pernia of his enjoyment of the interests protected by the right to be free from unlawful detention and arrest;

4.  That Plaintiff Rocco Pernia was harmed; and

5.  That Defendant Thomas Harvey's, Matt Sullivan's, and/or Nelson Wong's conduct was a substantial factor in causing Plaintiff Rocco Pernia's harm.

To prove a Defendant conspired to falsely arrest Plaintiff, Plaintiff must prove that Defendant reached an agreement with one of the other Defendants, either orally or in writing, to arrest Plaintiff unlawfully, and that the Defendant then took some action that furthered that conspiracy.

Authority:    CACI 3066; CACI 3600; *Cornell v. City and Cty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017) (plaintiff must prove "the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure"); *Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1044 (9th Cir. 2018); *Wiley v. Kern High Sch. Dist.*, 107 Cal. App. 5th 765, 775 (2024), *review denied* (Mar. 19, 2025); *Shoyoye* v. *County of Los Angeles*, 203 Cal.App.4th 947, 958 (2012);

*Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004). *See also*, *Sykes v. State of Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197, 200 (9th Cir. 1974) (conspiracy requires a "showing that the defendants conspired or acted jointly or in concert and that some overt act must have been done in furtherance of the conspiracy."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) ("[P]laintiff must show that the conspiring parties 'reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'" (citation omitted)); *Allen v. Cnty of Lake*, *2015* WL 434990, at *4 (N.D. Cal. Feb. 2, 2015 (Plaintiff must be able to show ""which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of [the plaintiff's] constitutional rights." ).

**Stipulated Instruction 400. Negligence – Essential Factual Elements**

Plaintiff R.P. claims that he was harmed by the negligence of Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and John Solomon.  To establish this claim, the Plaintiff R.P. must prove all of the following:

1.     That Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and/or John Solomon were negligent;

2.     That R.P. was harmed; and

3.     That a defendant's negligence was a substantial factor in causing R.P.'s harm.

Authority:     CACI 400.

**Stipulated Instruction 401.  Negligence – Basic Standard of Care**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or by failing to act.  A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in R.P.'s situation and in Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, and John Solomon's situation.


Authority:     CACI 401.

**Stipulated Instruction 402. Standard of Care for Minors**

Plaintiff Rocco Pernia was 15 years old at the time of the incident.  Minors are not held to the same standards of behavior as adults.  A minor is required to use the amount of care that a reasonably careful minor of the same age, intelligence, knowledge, and experience would use in that same situation.

Authority:      CACI 402, modified.

**Stipulated Instruction 405. Comparative Fault of Plaintiff**

Defendants claim that Plaintiff Rocco Pernia's own negligence contributed to his harm. To succeed on this claim, Defendants must prove both of the following:

1. That Plaintiff Rocco Pernia was negligent; and

2. That Rocco Pernia's negligence was a substantial factor in causing his harm.

If Defendants prove the above, Plaintiff Rocco Pernia's damages are reduced by your determination of the percentage of Plaintiff Rocco Pernia's responsibility. I will calculate the actual reduction.


Authority:      CACI 405.

**Stipulated Instruction No. 430 Causation: Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Authority:    Judicial Council of California Civil Jury Instructions (CACI) No. 430.

**Stipulated Instruction 1305. Battery by Peace Officer**

Plaintiff Rocco Pernia claims that Defendant John Solomon harmed him by using unreasonable force to detain him. To establish this claim, Plaintiff Rocco Pernia must prove all of the following:

1.    That Defendant John Solomon intentionally touched Plaintiff Rocco Pernia;

2.    That Defendant John Solomon used unreasonable force on Plaintiff Rocco Pernia;

3.    That Plaintiff Rocco Pernia did not consent to the use of that force;

4.    That Plaintiff Rocco Pernia was harmed; and

5.    That Defendant John Solomon's use of unreasonable force was a substantial factor in causing Plaintiff Rocco Pernia's harm.

A police officer may use reasonable force to arrest or detail a person when the officer has reasonable cause to believe that that person has committed a crime.  Even if the peace officer is mistaken, a person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

In deciding whether Defendant John Solomon used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable officer in John Solomon's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Defendant John Solomon and Plaintiff Rocco Pernia leading up to the use of force. You should consider, among other factors, the following:

(a) Whether Plaintiff Rocco Pernia reasonably appeared to pose an immediate threat to the safety of Defendant John Solomon or others;

(b) The seriousness of the crime at issue; and

(c) Whether Plaintiff Rocco Pernia was actively resisting arrest or attempting to evade detention.

A peace officer who makes or attempts to make a detention is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being detained.

Authority:    CACI 1305

**Stipulated Instruction 1320. Intent (For Intentional Torts)**

Defendant John Solomon acted intentionally if he intended batter Plaintiff Rocco Pernia or if he was substantially certain that the battery would result from his conduct.

Authority:      CACI 1320

**Stipulated Instruction 5.1 Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff R.P. has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff R.P. for any injury you find was caused by Defendants Thomas Harvey, Matt Sullivan, Nelson Wong, or John Solomon.

You should consider the following:

- The nature and extent of Plaintiff's injuries;

- The mental, physical, and/or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

- The reasonable value of necessary medical care, treatment, and services received to the present time; and

- The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority:     Ninth Circuit Model Civil Jury Instructions 5.1 and 5.2

**Stipulated Instruction No. 5.3 Damages—Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.      that the plaintiff Rocco Pernia failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


Authority:     Ninth Circuit Model Jury Instruction No. 5.3

**Stipulated Instruction 5.6 Nominal Damages**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.


Authority:    Ninth Circuit Model Jury Instruction No. 5.6


Dated: March 25, 2026                    **POINTER & BUELNA, LLP**
                                         **LAWYERS FOR THE PEOPLE**

                                         By: */s/Patrick M. Buelna*
                                             PATRICK M. BUELNA
                                             Attorney For Plaintiff


Dated:  March 25, 2026


                                         DAVID CHIU
                                         City Attorney
                                         JENNIFER E. CHOI
                                         Chief Trial Deputy
                                         MARGARET S. SCHROEDER
                                         RENÉE E. ROSENBLIT
                                         REILLY T. STOLER
                                         MORGAN E. LEWIS
                                         Deputy City Attorneys


                                         By:  */s/ Margaret S. Schroeder*
                                             MARGARET S. SCHROEDER

                                         Attorneys for Defendants
                                         CITY AND COUNTY OF SAN FRANCISCO;
                                         WILLIAM SCOTT; THOMAS HARVEY; MATT
                                         SULLIVAN; NELSON WONG; JOHN SOLOMON