United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R.P.,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 24-cv-00522-LJC

**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. No. 120, 124, 125

**A. Introduction and Legal Standard**

The parties have filed three administrative motions to seal or consider sealing documents in connection with their pending motions for summary judgment in this case arising from a mass arrest of more than one hundred people, most of whom were minors at the time. This Order presumes the reader's familiarity with the facts and history of the case.

The public has a presumptive right of access to judicial proceedings and filings. In contexts more than tangentially related to the merits of a case, including but not limited to dispositive motions, a party must show "compelling reasons" to file documents under seal. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096–97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)) (alteration in original).

**B. Plaintiff's Motion to Consider Sealing**

Plaintiff moves to consider sealing a police tactical planning presentation based on Defendants' designation of confidentiality. ECF No. 120. Defendants filed a response and

declaration asserting that revealing the police tactics contained in that presentation could allow future lawbreakers to evade or attack police officers conducting similar operations. ECF Nos. 129, 129-1. Some of the potential harms identified in those filings are perhaps speculative, but on the whole, the Court finds sufficiently compelling reasons to seal this document to avoid disclosures that would allow for future circumvention of law enforcement. This motion is GRANTED.

**C. Defendant's Motion to Seal**

Defendants move to seal Exhibits 3 and 18 to the declaration of Morgan Lewis, which each consist of body-worn camera recordings depicting minors during detention. ECF No. 124. Taking into account background principles of the confidentiality of juvenile detention records, and in the absence of argument to the contrary, the Court finds compelling reasons to seal those exhibits—specifically, videos taken *during detention*. This Order is warranted to protect the privacy of non-party minor detainees and avoid disclosing the fact of their detention, which would otherwise be protected from disclosure. This motion is therefore GRANTED.

The Court recognizes the public setting of the detention as a potentially countervailing factor. This Order is without prejudice to a motion to unseal by any interested party, which would allow for more thorough briefing and consideration of the relevant issues.

**D. Defendant's Motion to Consider Sealing**

Defendants move to consider whether Exhibits 2, 7, and 8 to the declaration of Morgan Lewis should be filed under seal based on Plaintiff's privacy interests. ECF No. 125. Those exhibits consist of still images and deposition excerpts identifying Plaintiff within the images. Plaintiff filed a response in support of sealing based on his privacy interests as a minor. ECF No. 130. In the alternative, Plaintiff requests that the Court order Defendants to redact Plaintiff's face and the faces of other minors depicted.

The images in Exhibits 2 and 7 are derived from body-worn camera recordings on the street near Dolores Park before the detention occurred. As Plaintiff notes, Defendants previously moved to seal the videos from which those images were derived. ECF No 130 at 3 (citing ECF No. 73). The Court denied that previous administrative motion to seal as moot because the Court

did not find the videos at issue subject to judicial notice in the context of Defendants' motion to dismiss. ECF no. 94 at 8. The parties did *not* move to seal the same or similar pre-detention videos when they were filed in the context of their motions for summary judgment, or other still images of such videos that do not specifically identify Plaintiff. *See, e.g.*, ECF No. 126 (Defendants' notice of manual filing); ECF No. 122-16, ¶¶ 21–23.

Publicly filed discussions of those videos and other unsealed still images from them might be sufficient to identify Plaintiff within them, but they do not identify Plaintiff quite as directly as the exhibits at issue in this motion to consider sealing, which consist of deposition testimony excerpts specifically identifying Plaintiff within accompanying still images. The Court recognizes Plaintiff's interest in privacy as a minor, which includes the Federal Rules of Civil Procedure's assurance that his name will not be filed in the public record. *See* Fed. R. Civ. P. 5.2(a)(3) (providing that minors shall be identified only by their initials in federal civil litigation).

Redacting Plaintiff's face is an appropriate compromise to avoid direct and simple identification of Plaintiff in contravention of the spirit of Rule 5.2(a), even if it might be possible to derive Plaintiff's appearance from other documents filed in the public record. This motion is therefore GRANTED as to Plaintiff's face.

Plaintiff has not shown compelling reasons to redact the faces of other minors who are not specifically identified in the deposition excerpts accompanying Exhibits 2 and 7, because the exhibits depict those individuals in a public, crowded setting and do no more to reveal their identities than other videos and still images that have already been filed in the public record. For those exhibits, this motion is therefore DENIED except as to Plaintiff's face.

Exhibit 8 includes a still image from a body-worn camera recording during Plaintiff's detention. The identities of all detainees in this image warrant protection for the reasons discussed above with respect to ECF No. 124. The request to seal is GRANTED with respect to all identifiable faces in this image, specifically Plaintiff, the person immediately to his left, and the person immediately to his right. Those faces must be redacted. Sealing is DENIED as to the remainder of the image and the accompanying deposition excerpt, which would not reveal any detainee's identity.

Defendants are directed to file redacted copies of Exhibits 2, 7, and 8 no later than October 7, 2026.

**IT IS SO ORDERED**

Dated: September 30, 2026

LISA J. CISNEROS
United States Magistrate Judge